UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WENDELL HICKEN,**

       **Plaintiff,**

**v.**                                                            **Case No. 8:12-cv-1793-T-17TBM**

**MIGRANT STUDIOS, LLC,**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on **Plaintiff Wendell Hicken's Motion for Summary Judgment Regarding Relief** (Doc. 28). Defendant has failed to respond to the Motion.

Plaintiff, Wendell Hicken, brought a four-count Verified Complaint against Defendant, Migrant Studios, LLC, alleging breach of contract, trademark infringement, unfair competition, and requesting cancellation of the trademark registration. (Doc. 1). According to the undisputed allegations, Plaintiff developed and marketed a video game under the trademark, "Scorched Earth." In December 2008, Plaintiff entered into a License Agreement with Defendant, which granted Defendant, among other things, the right to use the trademark, "Scorched Earth," in connection with the distribution, offer for sale and sale of versions of Plaintiff's "Scorched Earth" game. In return, Defendant agreed to pay a royalty to Plaintiff based on the sales of the game, and to make monthly reports of the sales. When thereafter, Defendant failed to provide Plaintiff sales reports and make royalty payments as required,

Plaintiff sent notice in December 2009 that the License Agreement was terminated. The License Agreement provided that upon termination, while the Licensee could sell the licensed products, the Licensee could no longer use the trademark "Scorched Earth" in connection with the products. Despite this provision, Defendant continued to use the Scorched Earth trademark in promoting and selling the products, thereby falsely designating the source of origin of the goods. Moreover, despite Plaintiff's prior use and ownership of the "Scorched Earth" trademark, Defendant made false and fraudulent representations in connection with an application to the United States Patent and Trademark Office (USPTO) to register the trademark "Scorched Earth." As a consequence, in November 2011, the USPTO issued to Defendant, United States Registration No. 4,052,938 for the trademark.

Plaintiff confirmed the termination of the License Agreement, in writing, in April 2012. In June 2012, Plaintiff again notified Defendant of its breach of the License Agreement for the failure to make monthly reports of sales and to pay royalties. The letter also advised Defendant that its continued use of the Scorched Earth trademark was willful trademark infringement and unfair competition under state and federal law, which subjected Defendant to an award of multiple damages and punitive damages. Moreover, the letter advised that Defendant had fraudulently registered the trademark "Scorched Earth" with the USPTO. Plaintiff demanded proof of sales; the immediate cessation of use of the "Scorched Earth" trademark in Defendant's business; and cancellation of the "Scorched Earth" trademark registration, United States Registration No. 4,052,938. (Doc. 1-1). Upon Defendant's failure to comply, this suit ensued.

Defendant filed a *pro se* Answer (Doc. 7), which was stricken by the Court (Doc. 24).[1] On October 1, 2013, the Court granted partial summary judgment in favor of the Plaintiff on the issue of liability in light of the fact that Defendant had failed to obtain counsel, and to respond to the Plaintiff's Motion for Partial Summary Judgment and an Order to Show Cause. (Doc. 24). That Order left for resolution Plaintiff's claim for relief. Plaintiff thereafter filed its Motion for Summary Judgment Regarding Relief, which is now before the Court for resolution. *See* (Docs. 28, 31). Defendant did not respond to the Motion and thus, it may be deemed unopposed. *See* M.D. Fla. R. 3.01(b). Nonetheless, in this Circuit, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond . . . ." *Anheuser-Busch, Inc. v. Philpot, III,* 317 F.3d 1264, 1266 (11th Cir. 2003). Accordingly, a hearing on damages was conducted on March 6, 2014. Despite being noticed for the hearing, Defendant did not appear.

By his **Motion for Summary Judgment Regarding Relief** (Doc. 28), Plaintiff seeks damages on the claims for breach of contract, treble damages on the trademark infringement and unfair competition, plus costs and fees. Specifically, Plaintiff requests the following:

For his breach of contract claim, Plaintiff seeks damages for the failure of Defendant to make royalty payments as required by the parties' License Agreement, that is, 8.5% of revenues from sales of products licensed under the Agreement. By the Declaration of Edward

---

[1] Thereafter, Defendant never obtained counsel, despite the Court informing Defendant of Local Rule 2.03(e) requiring a corporation to appear only through counsel. (Doc. 20). Thereafter, the Court granted Plaintiff's Motion to Strike Answer (Doc. 22) for failure of Defendant to appear through qualified counsel. (Doc. 24).

Schwartz, Esq., Plaintiff's counsel (Doc. 29), and a May 28, 2013 email from Aubrey Goodman, President/CEO of Defendant Migrant Studios (Doc. 29-1), Plaintiff contends that Defendant has admitted to mark-related revenues of around $2,700.  Plaintiff accepts Defendant's representation and seeks damages for failure to pay royalties at 8.5% times $2700, or $229.50.

For trademark infringement and unfair competition, 15 U.S.C. § 1117, Plaintiff requests disgorgement of $2,700, the entire amount of the admitted revenue since Defendant has failed to prove any costs incurred in connection with the infringing sales.  In addition, Plaintiff seeks treble damages, that is three times the entire amount of the revenue, or $8,100, due to the clearly willful nature of Defendant's infringement.[2]  Plaintiff also seeks injunctive relief.

Plaintiff seeks an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117, which permits an award of fees in exceptional cases.  Declarations of both attorneys were filed in support of the request.  *See* (Docs. 29, 30, 37).  Plaintiff requests costs in the amount of $394.55.

Lastly, Plaintiff also seeks an Order cancelling the fraudulent Scorched Earth trademark registration, No. 4,052,938, issued to Defendant on the basis of false statements and representations.

Upon consideration, I recommend that **Plaintiff Wendell Hicken's Motion for Summary Judgment Regarding Relief** (Doc. 28) be **granted.**  First, I conclude that Plaintiff

---

[2] At the hearing, Plaintiff clarified that it does not request punitive damages.

4

presents a legitimate basis for damages on each of his Counts. On the breach of contract claim, as set forth above, Plaintiff demonstrates entitlement to an award for the failure of Defendant to pay royalties under the Licensing Agreement in the amount of $229.50.

Under the Trademark Act, 15 U.S.C. § 1117(a), Plaintiff may recover Defendant's profits, damages sustained by the Plaintiff, and the costs of the action. Under this provision, Plaintiff need only prove Defendant's sales. Here, Defendant admitted to sales of $2,700 and has failed to show any deductions or costs related to the sales. Accordingly, Defendant should disgorge $2,700. Given the willful nature of Defendant's violation, Plaintiff seeks treble damages. In accordance with the provisions of Section 1117, the court may award up to three times a plaintiff's actual damages when the circumstances merit such an award. Here, the undisputed facts and admissions by Defendant indicate its willful violation of the Trademark Act and unfair competition through its continued use of the trademark in the promotion and sale of these goods. Subsequent to the termination of the license, Defendant, in April 2011, filed an application with the USPTO to register the trademark Scorched Earth. On November 8, 2011, U.S. Trademark Registration No. 4,052,938 issued. In support of the application, Defendant willfully and falsely asserted that it had superior rights to the Trademark. Given the willful nature of the violation, Plaintiff should be awarded treble damages in the amount of $8,100.00

On the matter of fees, Plaintiff claims such pursuant to 15 U.S.C. § 1117 which permits the award of fees in "exceptional" cases. In this context, "[a] case is exceptional if the conduct of the defendant can be characterized as malicious, fraudulent, deliberate, and willful." *Neva Inc., v. Christian Duplications Intern., Inc.*, 743 F.Supp. 1533, 1543 (M.D.

Fla. 1990) (citing *Dieter v. B & H Indus.*, 880 F.2d 322, 329 (11th Cir. 1989)).  Here, the trademark infringement appears indisputably willful and deliberate.  The circumstances are aggravated by Hicken's willful false registration of the trademark.  I find the award of fees appropriate in these circumstances.

Plaintiff initially sought $20,598 in fees for work by Mr. Schwartz and local counsel, Mr. Gluckman.  (Doc. 28).  By the supporting Declaration of Edward Schwartz, Esq. (Doc. 29), Mr. Schwartz has billed Plaintiff $15,498.  By the Declaration of Jeremy Gluckman, Esq. (Doc. 30), Mr. Gluckman billed $5,100 in fees through November 1, 2013.  Because of the lack of supporting material and apparent inconsistencies, the Court subsequently directed Mssrs. Schwartz and Gluckman to supplement their declarations.  Mr. Schwartz filed a second declaration, which claims a total fee award of $23,033.45 ($15,267.50 for fees to Schwartz and $7,765.95 in "costs" including fees paid to local counsel).  (Doc. 37).

Upon my review, there is no cause to questions these billing records.  The hourly rate sought by Mr. Schwartz, a Los Angeles, California-based attorney, would be at the high-end of reasonable market rates in this market for intellectual property work.  The hourly rate sought by local counsel appears reasonable.  Accordingly, the unopposed motion for fees based on the lodestar and totaling $23,033.45 should likewise be awarded.

As for costs, Plaintiff requests $350 for the Clerk's filing fee, $35 for the service of process, $7.45 in copy costs, and $2.10 in postage.  (Doc. 30 at 2).  Plaintiff should be awarded costs in the amount of $394.55.

Accordingly, Plaintiff is entitled to an Order of disgorgement of $2,700.00 in profits and damages in the total sum of $8,100.00 together with legal fees totaling $23,033.45 and costs of $394.55.

In addition to the monetary award and in light of the Defendant's continued use of the trademark even after cancellation of the license and given the false registration of the trademark, it is appropriate that the Court enter an injunction permanently enjoining Defendant, its agents and assigns from using the trademark "Scorched Earth," or any other trademark which falsely connotes that Defendant's product is approved or sponsored by, emanates from, or is otherwise associated with Plaintiff.

Lastly, I recommend the Court order the cancellation of Defendant's United States trademark registration, No. 4,052,938 issued for the trademark, "Scorched Earth."  Based upon the undisputed allegations, such was issued based upon knowingly false and fraudulent representations in an application by Aubrey Goodman on behalf of Defendant.  It appears the case that the registration would not have issued had Defendant truthfully informed the USPTO of Plaintiff's superior rights to use the mark.  Pursuant to 15 U.S.C. § 1119, "[i]n any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."  Consistent therewith, the Court's Order should certify to the Director of the USPTO the finding that trademark registration, No. 4,052,938 was falsely procured and direct that the Director make

appropriate entry upon the records of the Patent and Trademark Office cancelling the registration.

      Respectfully submitted this
      11th day of April 2014.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.


Copies furnished to:
United States District Judge
Counsel of Record